AO 120 (Rev. 08/10)

| TO:  Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____ on the following

☐ Trademarks or    ☐ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| PLAINTIFF | | DEFENDANT |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | |
|---|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

BURBERRY LIMITED, A UNITED
KINGDOM COMPANY, and BURBERRY
LIMITED, A NEW YORK CORPORATION,

       Plaintiffs,

vs.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

       Defendants.

_____

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs, Burberry Limited, a United Kingdom company, and Burberry Limited, a New York corporation (collectively "Plaintiffs" or "Burberry") hereby sue Defendants, the Individuals, Partnerships, and Unincorporated Associations set forth on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Burberry's trademarks and/or unauthorized copies of Burberry's copyrighted work within this district through various Internet based e-commerce stores and one fully interactive commercial Internet website operating under the seller identities and domain name as set forth on Schedule "A" hereto (the "Seller IDs and Subject Domain Name"). In support of its claims, Burberry alleges as follows:

**JURISDICTION AND VENUE**

1.      This is an action for federal trademark counterfeiting and infringement, false designation of origin, cybersquatting, copyright infringement, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1125(a),

1125(d), 17 U.S.C. § 101 *et seq,* The All Writs Act, 28 U.S.C §1651(a) and Florida's common law. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 101 *et seq*, and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Burberry's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district, through at least the Internet based e-commerce stores and one fully interactive commercial Internet website[1] accessible in Florida operating under their Seller IDs and the Subject Domain Name. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products to consumers into this district.

## THE PLAINTIFFS

4.      Plaintiff Burberry Limited is a company duly organized and existing under the laws of the United Kingdom with its principal place of business at Horseferry House,

---

[1] Defendant Number 16 uses it Subject Domain Name in tandem with electronic communication via e-mail in order to complete its offer and sale of counterfeit Burberry branded products. Specifically, consumers are able to browse listings of Burberry branded products online via Defendant Number 16's Subject Domain Name, ultimately directing customers to send inquiries, exchange data, and complete purchases via e-mail with that Defendant.

Horeseferry Road, London, SW1P 2AW, United Kingdom ("Burberry Limited (UK)"). Plaintiff Burberry Limited is a corporation duly organized pursuant to the laws of the State of New York with a principal place of business at 444 Madison Avenue, New York, New York, 10022 ("Burberry Limited (US)"). Collectively, Burberry Limited (UK) and Burberry Limited (US) are referred to herein as "Burberry." Burberry is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high-quality luxury goods under multiple world-famous common law and federally registered trademarks, as discussed in Paragraph 15 below, and identified in Schedule "B" hereto, as well as its copyrighted work, as discussed in Paragraph 15 below and identified in Schedule "C" hereto. Burberry offers for sale and sells its trademarked goods and goods bearing its copyrighted work within the State of Florida, including this district. Defendants, through the sale and offers for sale of counterfeit and infringing Burberry branded products, are directly and unfairly competing with Burberry's economic interests in the State of Florida and causing Burberry harm and damage within this jurisdiction.

5.     Like many other famous trademark and copyright owners in the luxury goods market, Burberry suffers ongoing daily and sustained violations of their trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce, copy, and/or counterfeit Burberry's trademarks and copyrights for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores and website. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Burberry's name and associated intellectual properties and the destruction of the legitimate market sector in which it operates.

6.      In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Burberry expends significant monetary resources in connection with intellectual property enforcement efforts, including legal fees and investigative fees. The exponential growth of counterfeiting over the Internet has created an environment that requires companies, such as Burberry, to expend significant time and money across a wide spectrum of efforts, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to the Burberry brand.

**THE DEFENDANTS**

7.      Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from that location. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district through the simultaneous operation of commercial Internet based e-commerce stores via Internet marketplace websites under the Seller IDs and commercial Internet website under the Subject Domain Name.

8.      Upon information and belief, Defendants use aliases in connection with the operation of their businesses.

9.      Defendants are the past and present controlling forces behind the sale of products bearing counterfeits and infringements of Burberry's trademarks and/or unauthorized copies of

its copyrighted work as described herein operating and using at least the Seller IDs and Subject Domain Name.

10.     Upon information and belief, Defendants directly engage in unfair competition with Burberry by advertising, offering for sale, and selling goods bearing counterfeits and infringements of one or more of Burberry's trademarks and/or unauthorized copies of its copyrighted work to consumers within the United States and this district through Internet based e-commerce stores and/or website using, at least, the Seller IDs, Subject Domain Name and additional names, websites, or seller identification aliases not yet known to Burberry. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing Burberry branded goods into the State.

11.     Upon information and belief, Defendants have registered, established or purchased, and maintained their Seller IDs and Subject Domain Name. Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs and Subject Domain Name by providing false and/or misleading information to the Internet based e-commerce platforms or domain registrars where they offer to sell and/or sell during the registration or maintenance process related to their respective Seller ID or the Subject Domain Name. Upon information and belief, many Defendants have registered and maintained some of the Seller IDs and the Subject Domain Name for the sole purpose of engaging in illegal counterfeiting and/or infringing activities.

12.     Upon information and belief, Defendants will likely continue to register or acquire new seller identification aliases, user names, and domain names for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations or

unauthorized copies of one or more of Burberry's intellectual properties unless preliminarily and permanently enjoined.

13.     Defendants' use their Internet-based businesses in order to infringe the intellectual property rights of Burberry and others.

14.     Defendants' business names, i.e., the Seller IDs and Subject Domain Name, associated payment accounts, and any other alias seller identification names or domain names used in connection with the sale of counterfeit and infringing goods bearing one or more of Burberry's trademarks and/or unauthorized copies of Burberry's copyrighted work are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Burberry. Moreover, Defendants are using Burberry's famous brand name and trademarks to drive Internet consumer traffic to their e-commerce stores and website operating under the Seller IDs and Subject Domain Name, thereby increasing the value of the Seller IDs and Subject Domain Name and decreasing the size and value of Burberry's legitimate marketplace and intellectual property rights at Burberry's expense.

## **COMMON FACTUAL ALLEGATIONS**

### **Burberry's Business and Intellectual Property Rights**

15.     Burberry is the owner of all rights in and to the trademarks identified on Schedule "B" hereto, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively the "Burberry Marks"). The Burberry Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. Additionally, Burberry is the owner of the Copyrighted Work entitled "TB Pattern" under the United States Copyrighted Work Registration Number VA 2-145-324 (the

"Burberry Copyrighted Work"), as identified on Schedule "C" hereto. Burberry's ownership and registration of the Burberry Copyrighted Work precedes Defendants' infringement as alleged herein. True and correct copies of the Certificates of Registration for the Burberry Marks and the Burberry Copyrighted Work are attached hereto as Composite Exhibit "1." The Burberry Marks and the Burberry Copyrighted Work are referred to collectively herein as the "Burberry Intellectual Property."

16.     The Burberry Intellectual Property has been used in interstate commerce to identify and distinguish Burberry's high-quality goods for an extended period of time.

17.     The Burberry Intellectual Property has been used by Burberry long prior in time to Defendants' use of copies of that intellectual property. The Burberry Intellectual Property has never been assigned or licensed to any of the Defendants in this matter.

18.     The Burberry Marks and Copyrighted Work are symbols of Burberry's quality, reputation and goodwill and have never been abandoned. Burberry has carefully monitored and policed the use of the Burberry Intellectual Property.

19.     The Burberry Intellectual Property is well known and famous and have been for many years. Burberry has expended substantial time, money and other resources developing, advertising and otherwise promoting the Burberry Intellectual Property. The Burberry Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

20.     Further, Burberry has extensively used, advertised, and promoted the Burberry Intellectual Property in the United States in association with the sale of high-quality luxury goods. Burberry has spent millions of dollars promoting the Burberry Intellectual Property and products bearing such intellectual property. In recent years, annual sales of products bearing the

Burberry Intellectual Property have totaled in the many millions of dollars within the United States.

21.     As a result of Burberry's efforts, members of the consuming public readily identify merchandise bearing or sold under the Burberry Intellectual Property as being high-quality goods sponsored and approved by Burberry.

22.     Accordingly, the Burberry Intellectual Property has achieved secondary meaning as identifiers of high-quality goods.

23.     Genuine goods bearing the Burberry Intellectual Property are widely legitimately advertised and promoted by Burberry, its authorized distributors, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Burberry's overall marketing and consumer education efforts. Thus, Burberry expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Burberry and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Burberry brand and the goods sold thereunder. Similarly, Defendants' individual seller stores and website are indexed on search engines and compete directly with Burberry for space in search results.

**<u>Defendants' Infringing Activities</u>**

24.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce bearing confusingly similar imitations of one or more of the Burberry Marks or the Burberry Copyrighted Work (the "Counterfeit Goods") through at least the Internet based e-commerce stores and commercial Internet website operating under the Seller IDs and Subject Domain Name. At least one

Defendant is also using, at least, the listing and associated image identified by the Amazon Standard Identification Number ("ASIN") on Schedule "A" annexed hereto. Specifically, upon information and belief, Defendants are using the Burberry Marks and/or Copyrighted Work to initially attract online customers and drive them to Defendants' e-commerce stores and website operating under the Seller IDs and Subject Domain Name. Defendants are using identical copies of one or more of the Burberry Marks and/or Copyrighted Work for different quality goods. Burberry has used the Burberry Intellectual Property extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Burberry's merchandise.

25.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Burberry's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods offered for sale by Burberry, despite Defendants' knowledge that they are without authority to use the Burberry Marks or Copyrighted Work. The net effect of Defendants' actions is likely to cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods offered for sale on Defendants' e-commerce stores and website are genuine goods originating from, associated with, and approved by Burberry.

26.     Defendants advertise their e-commerce stores and website, including their Counterfeit Goods offered for sale, to the consuming public via e-commerce stores and/or website on, at least, one Internet marketplace website and/or one commercial Internet website operating under, at least, the Seller IDs and Subject Domain Name. In so advertising their stores

and products, Defendants improperly and unlawfully use one or more of the Burberry Marks or the Burberry Copyrighted Work without Burberry's permission.

27.     As part of their overall infringement and counterfeiting scheme, most Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Burberry Intellectual Property. Specifically, Defendants are using counterfeits and infringements of one or more of Burberry's famous name, the Burberry Marks, or the Copyrighted Work in order to make their e-commerce stores and website selling illegal goods appear more relevant and attractive to consumers searching for both Burberry and non-Burberry goods and information online. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Burberry's genuine goods. Defendants are causing individual, concurrent and indivisible harm to Burberry and the consuming public by (i) depriving Burberry and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Burberry's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Burberry Intellectual Property, (iii) increasing Burberry's overall cost to market its goods and educate consumers about its brand via the Internet.

28.     Upon information and belief, Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Burberry and the consuming public for Defendants' own benefit.

29.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Burberry's ownership of the Burberry Intellectual Property, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

30.     Defendants' use of the Burberry Marks and/or Copyrighted Work, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Burberry's consent or authorization.

31.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Burberry's rights for the purpose of trading on Burberry's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Burberry and the consuming public will continue to be harmed.

32.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Burberry's genuine goods and Defendants' Counterfeit Goods, which there is not.

33.     Moreover, upon information and belief, at least Defendant Number 16 has registered its respective Subject Domain Name using marks that are nearly identical and/or confusingly similar to at least one of the Burberry Marks (the "Cybersquatted Subject Domain Name").

34.     Defendant Number 16 does not have, nor has it ever had, the right or authority to use the Burberry Marks. Further, the Burberry Marks have never been assigned or licensed to be used on any of the websites including the website operating under the Cybersquatted Subject Domain Name.

35.     Defendant Number 16 has never used the Cybersquatted Subject Domain Name in connection with a bona fide offering of goods or services.

36.     Defendant Number 16 has not made any bona fide non-commercial or fair use of the Burberry Marks on a website accessible under the Cybersquatted Subject Domain Name.

37.     Defendant Number 16 has intentionally incorporated at least one of the Burberry Marks in its Cybersquatted Subject Domain Name to divert consumers looking for Burberry's Internet website to its own Internet website for commercial gain.

38.     Upon information and belief, Defendants' payment and financial accounts, including but not limited to those specifically set forth on Schedule "A," are being used by Defendants to accept, receive, and deposit profits from Defendants' copyright infringement, their trademark counterfeiting and infringing, and their unfairly competitive activities connected to their Seller IDs, Subject Domain Name, and any other alias e-commerce stores, seller identification names, domain names, or website being used and/or controlled by them.

39.     Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Burberry.

40.     Burberry has no adequate remedy at law.

41.     Burberry is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Burberry Intellectual Property. If Defendants' counterfeiting and infringing, cybersquatting, and unfairly competitive activities are

not preliminarily and permanently enjoined by this Court, Burberry and the consuming public will continue to be harmed.

42.     The harm and damages sustained by Burberry have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

### COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)
(Excluding Defendant Number 270)

43.     Burberry hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 37 above.

44.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Burberry Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale and sale of the Counterfeit Goods.

45.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of the Burberry Marks. Defendants are continuously infringing and inducing others to infringe the Burberry Marks by using one or more of them to advertise, promote, sell, and offer to sell counterfeit and infringing goods.

46.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

47.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Burberry and are unjustly enriching Defendants with profits at Burberry's expense.

48.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Burberry Marks in violation of Burberry's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

49.     Burberry has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

## COUNT II - FALSE DESIGNATION OF ORIGIN
### PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))
**(Excluding Defendant Number 8)**

50.     Burberry hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 37 above.

51.     Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale and sold using copies of at least one of the Burberry Marks and/or Copyrighted Work have been widely advertised and offered for sale throughout the United States via at least one Internet marketplace website or fully interactive commercial Internet website.

52.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of at least one of the Burberry Marks and/or Copyrighted Work are virtually identical in appearance to Burberry's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

53.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Burberry's detriment.

54.     Defendants have authorized infringing uses of at least one of the Burberry Marks and/or the Copyrighted Work in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

55.     Additionally, Defendants are using counterfeits and infringements of one or more of the Burberry Marks and/or the Copyrighted Work in order to unfairly compete with Burberry and others for space within organic search engine and social media results, thereby jointly depriving Burberry of a valuable marketing and educational tool which would otherwise be available to Burberry and reducing the visibility of Burberry's genuine goods on the World Wide Web and across social media platforms.

56.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

57.     Burberry has no adequate remedy at law, and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Burberry will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III – COPYRIGHT INFRINGEMENT
## PURSUANT TO 17 U.S.C. § 501
### (Against certain Defendants only)

58.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 37 above.

59.     Certain Defendants have infringed and will continue to infringe the Burberry Copyrighted Work, at least, by copying, selling, advertising, reproducing and placing into a chain of distribution, unauthorized copies or derivations of Burberry's copyrighted work in violation of 17 U.S.C. § 501.

60.     Upon information and belief, these Defendants may be knowingly and willfully engaging in the copyright infringement alleged herein for the purpose of profiting therefrom.

61.     The unlawful actions of these Defendants have caused and are continuing to cause damage to Burberry, including monetary damages. Burberry will continue to suffer irreparable injury due to the above described activities of Defendants absent entry of a preliminary and permanent injunction.

## COUNT IV – CLAIM FOR RELIEF FOR CYBERSQUATTING PURSUANT TO
## 43(d) OF THE LANHAM ACT (15 U.S.C. § 1125(d))
### (Against Defendant Number 16 only)

62.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 37 above.

63.     At all times relevant hereto, Burberry has been and still is the owner of the rights, title, and interest in and to the Burberry Marks.

64.     Defendant Number 16 has acted with the bad faith intent to profit from the Burberry Marks and the goodwill associated with the Burberry Marks by registering and using the Cybersquatted Subject Domain Name.

65.     The Burberry Marks were distinctive and famous at the time Defendant Number 16 registered the Cybersquatted Subject Domain Name.

66.     Defendant Number 16 has no intellectual property rights in or to the Burberry Marks.

67.     The Cybersquatted Subject Domain Name is identical to, confusingly similar to, or dilutive of at least one of the Burberry Marks.

68.     Defendant Number 16's conduct is done with knowledge and constitutes a willful violation of Burberry's rights in the Marks. At a minimum, the conduct of this Defendant constitutes reckless disregard for and willful blindness to Burberry's rights.

69.     Defendant Number 16's actions constitute cybersquatting in violation of §43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

70.     Burberry has no adequate remedy at law.

71.     Burberry has suffered and will continue to suffer irreparable injury and damages due to the above described activities of Defendant Number 16 if this Defendant is not preliminarily and permanently enjoined.

**COUNT V - COMMON LAW UNFAIR COMPETITION.**

72.     Burberry hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 37 above.

73.     This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks that are virtually identical, both visually and phonetically, to the Burberry Marks and/or Copyrighted Work in violation of Florida's common law of unfair competition.

74.     Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing counterfeits and infringements of at least one of the Burberry Marks and/or the Copyrighted Work. Defendants are also using one or more of counterfeits and infringements of the Burberry Marks to unfairly compete with Burberry and others for (1) space in search engine and social media results across an array of search terms and (2) visibility on the World Wide Web.

75.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' e-commerce stores and website as a whole and all products sold therein by their use of the Burberry Marks and/or Copyrighted Work.

76.     Burberry has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT VI - COMMON LAW TRADEMARK INFRINGEMENT

77.     Burberry hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 37 above.

78.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing at least one of the Burberry Marks. Burberry is the owner of all common law rights in and to the Burberry Marks.

79.     Specifically, Defendants, upon information and belief, are promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of at least one of the Burberry Marks.

80.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Burberry Marks.

81.     Burberry has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

82.     WHEREFORE, Plaintiffs demand judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.      Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Burberry Marks or Copyrighted Work; from using the Burberry Marks or Copyrighted Work, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or copyright or trademark or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs; from falsely representing themselves as being connected with Plaintiffs, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Plaintiffs; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Burberry Marks or Copyrighted Work in connection with the publicity,

promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiffs, or in any way endorsed by Plaintiffs and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiffs' names, copyrights, or trademarks and from otherwise unfairly competing with Plaintiffs.

      b.    Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits of the Burberry Marks and Copyrighted Work.

      c.    Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon Plaintiffs' request, the top level domain (TLD) Registry for the Subject Domain Name, and any other domains used by Defendants, or their administrators, including backend registry operators or administrators, place the Subject Domain Name on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Name, and any other domain names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Burberry Marks or Copyrighted Work, to the IP addresses where the associated website is hosted.

d.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Burberry to serve the injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are used by Defendants in connection with Defendants' promotion, offering for sale, and/or sale of goods using counterfeits, and/or infringements of the Burberry Marks.

e.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, canceling for the life of the current registration or, at Plaintiffs' election, transferring the Subject Domain Name and any other domain names used by Defendants to engage in their counterfeiting of the Burberry Marks or Copyrighted Work at issue to Plaintiffs' control so they may no longer be used for illegal purposes.

f.      Entry of an order requiring Defendants, their agent(s) or assign(s), to assign all rights, title, and interest, to the Subject Domain Name to Plaintiffs and, if within five (5) days of entry of such order Defendants fail to make such an assignment, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

g.      Entry of an order requiring Defendants, their agent(s) or assign(s), to instruct all search engines to permanently delist or deindex the Subject Domain Name(s) and, if within five (5) days of entry of such order Defendants fail to make such a written instruction, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

h.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that upon Plaintiffs' request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with

notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Burberry Marks or Copyrighted Work.

      i.     Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public.

      j.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiffs' request, any Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) Registry for the Seller IDs and Subject Domain Name who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller ID or Subject Domain Name.

      k.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiffs' request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia,* a Direct platform, Group platform, Seller Product Management platform, Vendor Product Management platform, and Brand Registry platform, any and all listings and associated images of goods bearing counterfeits and/or infringements of the Burberry Marks or Copyrighted Work via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification

Numbers ("ASIN") on Schedule "A" annexed hereto, and upon Plaintiffs' request, any other listings and images of goods bearing counterfeits and/or infringements of the Burberry Marks or Copyrighted Work associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Burberry Marks or Copyrighted Work.

l.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiffs' request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing one or more of the Burberry Marks or Copyrighted Work in its inventory, possession, custody, or control, and surrender those goods to Plaintiffs.

m.      Entry of an Order requiring Defendants to account to and pay Plaintiffs for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiffs be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiffs' election with respect to Count I, that Plaintiffs be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

n.      Entry of an Order requiring Defendants to account to and pay Plaintiffs for all damages sustained by Plaintiffs in consequence of Defendants' copyright infringement described above together with appropriate interest thereon; Defendants be required to account to Plaintiffs for, and disgorge to Plaintiffs, and to pay to Plaintiffs, all the gains, profits, savings and

advantages realized by Defendants from their acts of copyright infringement described above; Plaintiffs' be awarded, at their election, statutory damages within the provisions of Sections 504(c) of the Copyright Act, 17 U.S.C. § 504(c), enhanced to reflect the willful nature of Defendants' infringement, instead of an award of actual damages or profits, and be awarded their costs and disbursements incurred in this action, including reasonable attorney fees pursuant to 17 U.S.C. § 505.

o.     Entry of an order requiring Defendant Number 16 to account to and pay Burberry for all profits and damages resulting from that Defendant's cybersquatting activities and that the award to Burberry be trebled, as provided for under 15 U.S.C. § 1117, or, at Burberry's election with respect to Count IV, that Burberry be awarded statutory damages from Defendant Number 16 in the amount of one hundred thousand dollars ($100,000.00) per cybersquatted domain name used as provided by 15 U.S.C. § 1117(d) of the Lanham Act.

p.     Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiffs' costs and reasonable attorneys' fees and investigative fees associated with bringing this action, including the cost of corrective advertising.

q.     Entry of an Order that, upon Plaintiffs' request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs and Subject Domain Name, or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), and remain

restrained until such funds are surrendered to Plaintiffs in partial satisfaction of the monetary

judgment entered herein.

        r.     Entry of an award of pre-judgment interest on the judgment amount.

        s.     Entry of an Order for any further relief as the Court may deem just and

proper.

DATED: April 2, 2021.        Respectfully submitted,

        STEPHEN M. GAFFIGAN, P.A.

        By: **Stephen M. Gaffigan**
        Stephen M. Gaffigan (Fla. Bar No. 025844)
        Virgilio Gigante (Fla. Bar No. 082635)
        T. Raquel Wiborg-Rodriguez (Fla. Bar. No. 103372)
        Christine Ann Daley (Fla. Bar No. 98482)
        401 East Las Olas Blvd., Suite 130-453
        Ft. Lauderdale, Florida 33301
        Telephone: (954) 767-4819
        E-mail: Stephen@smgpa.net
        E-mail: Leo@smgpa.net
        E-mail: Raquel@smgpa.net
        E-mail: Christine@smgpa.net

        Attorneys for Plaintiffs

## SCHEDULE "A"

**[This page is the subject of Plaintiffs' Motion to File Under Seal. As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**

## SCHEDULE "B"
## BURBERRY'S FEDERALLY REGISTERED TRADEMARKS

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| BURBERRY | 0,260,843 | August 27, 1929 | IC 010 025 026: clothing-namely, coats and topcoats for men, women, and children; jackets for men, women, and children; breeches for boys; suits for men and boys; waistcoats for men, women, and children; overalls for women and children; skirts for outer wear for women and children; capes for men, women, and children; hats and caps for men, women, and children; bonnets * for children; * hoods and toques for men, women, and children; neckties for men, women, and children; stockings and socks for men, women, and children; braces and suspenders for men and children; belts for outer wear for men, women, and children; boots of rubber and fabric or combinations of these materials for men, women and children; shoes and slippers of leather, rubber, and fabric or combinations of these materials for men, women, and children; gloves for men, women, and children, of leather and fabric. |
| BURBERRY | 0,510,077 | May 24, 1949 | IC 010 025 026: clothing-namely, coats and topcoats for men, women, and children; jackets for men, women, and children; breeches for boys; suits for men and boys; waistcoats for men, women, and children; skirts for outer wear for women and children; capes for men, women, and children; hats and caps for men, women, and children; bonnets for children; * hoods, and toques for men, women, and children; neckties for men, women and children; stockings and socks |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | for men, women, and children; braces and suspenders for men and children; belts for outer wear for men, women, and children; boots for men, women, and children, of leather and rubber or combinations of these materials; shoes and slippers for men, women, and children; of leather, rubber, and fabric or combinations of these materials; gloves for men, women, and children of leather and fabric. |
|  | 0,863,179 | January 7, 1969 | IC 010 025 026: coats, topcoats, jackets, suits, trousers, slacks, shorts, overalls, skirts, capes, hats, caps, bonnets, hoods, berets, neckties, stockings, socks, belts, boots, shoes, slippers, sandals, gloves, shirts, collars, pajamas, dressing gowns, cardigans, sweaters, pullovers, scarves, blouses, beach robes, dresses, skiwear, and handkerchiefs. |
| BURBERRY | 1,133,122 | April 15, 1980 | IC 018: handbags, travelling bags, leather travelling cases, attache cases, leather briefcases, purses, pocket wallets, umbrellas. |
|  | 1,241,222 | June 7, 1983 | IC 025: Coats, Top Coats, Jackets, Trousers, Slacks, Waistcoats, Skirts, Capes, Hats, Bonnets, Berets, Shirts, Scarves, Shawls and Blouses. |
| BURBERRY | 1,607,316 | July 24, 1990 | IC 009: spectacles, sunglasses; fitted cases, frames and lenses, all for sunglasses, for spectacles. |
|  | 1,622,186 | November 13, 1990 | IC 009: sunglasses, spectacles; frames and lenses. |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| BURBERRY | 1,747,765 | January 19, 1993 | IC 014: wrist watches and straps and bracelets therefor, and cuff links. |
|  | 1,855,154 | September 20, 1994 | IC 014: watches, and parts therefor; straps, bracelets for wrist watches; cuff links. |
|  | 1,903,508 | July 4, 1995 | IC 014: watches and parts therefor; straps, bracelets for wrist watches; jewelery, costume jewelery; tie pins and cuffs links. |
|  | 2,022,789 | December 17, 1996 | IC 018: suitcases, traveling bags, holdalls, suit and garment carriers for travel, attache cases, document cases, briefcases, purses, drawstring pouches, wallets, billfolds, passport holders, key cases, handbags, shoulder bags, credit card cases, business card cases, toilet bags sold empty, toilet cases sold empty, shaving bags sold empty, tie cases for travel, umbrellas and parasols.<br><br>IC 024: traveling comforter, namely, fabric blanket-like articles for keeping warm, e.g., when traveling in cold climates, or for use as a stadium blanket.<br><br>IC 025: clothing for men and women, namely, scarves, pullovers, cardigans, sweaters, overcoats, raincoats, shirts, belts; slippers for men. |
|  | 2,512,119 | November 27, 2001 | IC 018: Articles of luggage, namely, suitcases, athletic and sport bags, beach bags, carry-on bags, clutch bags, overnight bags, shoulder bags, tote bags, carryall bags, traveling bags, hand bags, leather bags for computers and cameras; wallets and purses; toiletry bags sold empty and cosmetic bags sold empty; brief cases, satchels and portfolios; cases for personal organizers and |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | for mobile telephones; umbrellas, leather key fobs, leather key holders, and dog coats. |
|  | 2,728,709 | December 21, 2001 | IC 024: Fabrics for use in the manufacture of clothing, underclothes, swimwear, headwear, footwear, hosiery, socks; and belts; fabrics for use in the manufacture of cosmetics cases and bags, toiletry cases and bags, and shaving cases and bags; fabrics for use in the manufacture of purses, pouches, bags, luggage, carriers, travel bags, and suit and garment bags; fabrics for use in the manufacture of cases and holders for money, documents, keys, glasses, and ties; fabrics for use in the manufacture of umbrellas and parasols and cases thereof; fabrics for use in the manufacture of straps and bracelets for watches, and straps for shoes and bags; fabrics for use in the manufacture of lining for all the foregoing goods; comforters and blankets |
|  | 2,732,617 | July 1, 2003 | IC 018: Articles of luggage, namely, suitcases, athletic and sport bags, beach bags, carry-on bags, clutch bags; duffel and gym bags; overnight bags; school book bags, shoulder bags, tote bags, garment bags for travel, carryall bags, traveling bags, hand bags, leather bags for computers and cameras; wallets and purses; toiletry bags sold empty and cosmetics bags sold empty; brief cases, satchels and portfolios; parasols, umbrellas, walking sticks; leather key fobs, leather key holders.<br><br>IC 025: Articles of outerclothing, namely, coats, overcoats, trench coats, casual coats, raincoats, jackets and blousons, poloshirts, blouses, dresses, pyjamas, knitwear namely, jumpers, sweaters, gilets, knitted shirts, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | knitted skirts and knitted scarves; and shorts, trousers, suits, skirts, underclothes, hosiery, headwear, footwear, sports clothing namely, sports trousers, sports shorts, sports shirts, sports jackets, sports footwear; tracksuits, garments that can be attached to or detached from coats, raincoats, trench coats, or casual coats for additional warmth; ties, belts, wraps, serapes, scarves, shawls and stoles, gloves. |
|  | 2,845,852 | May 25, 2004 | IC 009: sunglasses, spectacles, optical glasses; fitted frames and lenses for the aforesaid goods; cases and holders for the aforesaid goods; carrying cases and holders for portable computers and mobile telephones. |
| BURBERRY | 2,875,336 | August 17, 2004 | IC 009: sunglasses, combined sunglasses spectacles, optical glasses, fitted frames and lenses for the aforesaid goods; cases and holders for the aforesaid goods; parts and fittings for all the aforesaid goods; cases and holders for portable computers and mobile telephones.<br><br>IC 014: watches, clocks and parts and fittings for all the aforesaid goods, wrist watches and straps and bracelets therefor and pocket watches, jewelry, imitation jewellery, tie-pins and cuff links; and jewelry boxeshat and shoe ornaments all made of precious metal or coated therewith. |
|  | 2,952,399 | May 17, 2005 | IC 009: sunglasses, combined sunglasses; spectacles, optical glasses, fitted frames and lenses for the aforesaid goods; cases and holders for the aforesaid goods; parts and fittings for all the aforesaid goods; computer carrying cases and specialty holsters and cases for carrying mobile telephones. |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | IC 014: watches and parts and fittings for all the aforesaid goods, wrist watches and straps and bracelets therefor and jewelry, imitation jewelry, tie-pins and cuff links; and jewelry boxes, all made of precious metal or coated therewith. |
| BURBERRY LONDON | 3,202,484 | January 23, 2007 | IC 025: Articles of outer clothing, namely, coats, trench coats, casual coats, jackets; shirts, dresses; ties. |
|  | 3,529,814 | November 11, 2008 | IC 024: blankets, throws, handkerchiefs, textile used as linings for clothing and accessories, fabrics for use in the manufacture of clothing, footwear, headwear, hosiery, belts, bags, cases, holders and key rings, umbrellas, watches, jewelry, towels, blankets, throws. IC 025: Coats, detachable coat linings, rainwear, ponchos, jackets, gilets, jerseys, jumpers, sweaters, blouses, shirts, polo shirts, t-shirts, vests, dresses, skirts, trousers, jeans, shorts, ski wear, sports shirts, sports trousers, sweat shirts, waterproof clothing, namely, coats, jackets, and bikinis, sarongs, swimwear, bathrobes, boxer shorts, loungewear, nightwear, undergarments, ties, cravats, footwear, shoes, boots, athletic footwear, slippers, ballet slippers, socks, leggings, caps, hats, head scarves, belts, gloves, mufflers, scarves, shawls, stoles, pashminas, children's and infant's clothing, namely, coats, jackets, ponchos, jerseys, sweaters, blouses, shirts, t-shirts, singlets, vests, tank tops, waistcoats, suits, dresses, skirts, trousers, jeans, shorts, children's headwear, children's swimwear, children's nightwear, children's under garments, and one-piece clothing, headwear, footwear; cloth bibs. |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  | 3,766,097 | March 30, 2010 | IC 024: Textiles and textile goods, namely, household linen, bed linen, bath linen, blankets, blanket throws, children's blankets, beach towels, handkerchiefs, unfitted fabric furniture covers, fabrics for textile use and textile used as lining for clothing, cushion covers. |
| BURBERRY | 3,879,249 | November 23, 2010 | IC 025: Articles of outer clothing, namely, coats, jackets, rainwear, ponchos, gilets, detachable coat linings, raincoats; blousons; casual coats; polo shirts; blouses; dresses; pyjamas; knitwear, namely, jerseys, jumpers, cardigans, sweaters, knitted leggings; shorts; trousers; suits; skirts; jackets; articles of underclothing, namely, boxer shorts, lingerie, loungewear, nightwear, underwear, undergarments; hosiery; headwear; footwear; sports clothing, namely, sweat pants, sweat shirts; swimwear; sports footwear; tracksuits; ready-made linings, namely, finished textile linings for garments; ties; clothing belts; wraps; scarves; shawls and stoles; gloves. |
| BURBERRY | 3,898,440 | January 4, 2011 | IC 024: articles made from material and textile, namely, bed blankets, blanket throws, children's blankets, lap blankets, towels, handkerchiefs, cushion covers. |
|  | 4,036,908 | October 11, 2011 | IC 009: accessories for covers, and accessory charms for mobile electronic devices; cases and holders for telephones, mobile telephones and mobile electronic devices, namely, smart phones, personal entertainment devices, tablet computers. |
|  | 4,123,508 | April 10, 2012 | IC 009: phone jewelry and accessory charms for mobile electronic devices; cases and holders for telephones, mobile telephones and mobile electronic devices, namely, for PDAs |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | (personal digital assistants), smart phones, personal entertainment devices in the nature of electronic book readers, tablet computers, netbooks, electronic notebooks, handheld computers and portable digital audio and/or video players. |
|  | 4,441,542 | November 26, 2013 | IC 009: Sunglasses, camera cases, spectacles, optical glasses, mobile phone accessories, namely, mobile phone covers charms and lanyards for mobile phones; fitted frames and lenses for the aforesaid goods; cases and holders for the aforesaid goods; parts and fittings for all the aforesaid goods; cases and holders for portable electronic devices, namely, PDAs (personal digital assistants), smart phones, electronic book readers, tablet computers, netbooks, electronic notebooks, handheld computers and portable digital audio and/or video players, mobile telephones, portable audio and video systems and computers. |
| BURBERRY | 4,702,550 | March 17, 2015 | IC 018: All-purpose carrying bags, trunks, valises, suitcases, travelling bags, garment bags for travel, vanity cases sold empty, rucksacks, satchels, holdalls, handbags, shoulder bags, attaché-cases, briefcases, credit card holders, briefcase-type portfolios, athletic and sports bags, beach bags, carry-on bags, clutch bags, duffel and gym bags, overnight bags, school book bags, tote bags, reusable shopping bags; purses, leather pouches, wallets; pochettes; luggage label holders; cosmetic cases and bags sold empty; cosmetic cases for manicure sets sold empty, jewelry rolls for travel; umbrellas, parasols; walking sticks and canes; clothing for pets; horse blankets, collars and leashes for animals.<br><br>IC 026: Buttons, hooks and eyes, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | snap fasteners, press studs, zip fasteners, haberdashery in the nature of fabric appliques, decorative ribbons, buckles for clothing, belts and shoes; ornamental novelty badges; articles for hair, namely, hair ties, hair bands, hair ribbons, hair clips. |
| BURBERRY | 4,714,346 | April 7, 2015 | IC 009: cases and holders for telephones, mobile telephones and mobile electronic devices, namely, PDAs (personal digital assistants), smart phones, personal entertainment devices, namely, e-readers, personal navigation devices, tablet computers, netbooks, electronic notebooks, handheld computers and portable digital audio and/or video players. |
| BURBERRY LONDON, ENGLAND | 5,116,946 | January 10, 2017 | IC 009: Sunglasses, spectacles, optical glasses, fitted frames and lenses for the aforesaid goods; cases and holders for the aforesaid goods; parts and fittings for all the aforesaid goods, namely, replacement parts therefor; cases and holders for portable computers and mobile telephones; bags for computers and cameras; mobile phone accessories, namely, mobile phone covers and skins, charms and lanyards, mobile phone fascia.<br><br>IC 014: Watches, clocks and parts, fittings and cases for all the aforesaid goods, wrist watches and straps and bracelets therefor and pocket watches, jewellery, imitation jewellery, tie-pins, tie clips and cuff links; articles made of precious metals or coated therewith, namely, jewellery boxes, hat and shoe ornaments, charms, badges, boxes and cases for tissues, jewellery, money, trinkets and watches, coasters, key |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | fobs, key rings and key holders; cufflink cases and jewellery rolls.<br><br>IC 018: Articles of luggage, namely, suitcases, trunks, valises, wheeled bags; bags, namely, holdalls, handbags, shoulder bags, tote bags, athletic and sport bags, backpacks, beach bags, bags for carrying babies' accessories, carry-on bags, clutch bags, duffel and gym bags, overnight bags, school book bags, garment bags for travel, carryall bags, traveling bags; wheeled shopping bags and trolley bags; wallets; purses; tie cases; leather boxes; toiletries and cosmetic bags sold empty, cases for manicure sets sold empty, briefcases, satchels and briefcase-type portfolios; parasols, umbrellas, walking sticks; slings and bags for carrying infants; pet coats, collars and leads; luggage labels and tags.<br><br>IC 024: Blankets; throws; travel rugs; bed linen; table linen; towels; cushion covers; handkerchiefs; clothing labels of textile; lining fabrics for textile use; fabrics for use in the manufacture of clothing; fabrics for use in the manufacture of bags, purses, wallets, luggage, toiletry and cosmetic cases, umbrellas, bed and table linen.<br><br>IC 025: Articles of outerclothing, namely, coats, overcoats, trench coats, casual coats, raincoats, jackets and blousons, shirts, polo shirts, blouses, dresses, pyjamas, intimate apparel, namely, lingerie; sleepwear and loungewear; knitwear, namely, jumpers and |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | sweaters, gilets, knitted shirts, knitted skirts and knitted scarves; shorts, trousers, suits, skirts, underclothes, hosiery, headwear, footwear, sports clothing, namely, sports trousers, sports shorts, sports shirts, and sports jackets; sports footwear; tracksuits, ready-made linings sold as component parts of coats, raincoats, trench coats and casual coats; ties, belts and wraps as clothing, serapes, scarves, shawls and stoles, gloves. |

## SCHEDULE "C"
## BURBERRY'S COPYRIGHTED WORK

**Images of Copyrighted Work "TB Pattern,"**
**Registration Number VA 2-145-324**

